# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUJIT ROZARIO,<br><br>      Plaintiff,<br><br>COMENITY BANK,<br>AND EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>      Defendants. | Civil Case No.:<br><br><br>**NOTICE OF REMOVAL** |

      Defendant Comenity Bank ("Comenity"), by and through its counsel, Husch Blackwell LLP, hereby gives notice of the removal of this action from the Supreme Court of the State of New York, County of Queens, pursuant to 28 U.S.C. § 1331, 1441, and 1446.

      1.      On or about August 14, 2024, Plaintiff Sujit Rozario ("Plaintiff") commenced this action against Comenity by filing a Complaint in Supreme Court of the State of New York, County of Queens, Index No. 716860/2024. This matter is captioned *Sujit Rozario v. Comenity Bank, et al*. True and correct copies of the following documents are attached hereto as <u>Exhibit A</u>: the docket sheet, Summons, Complaint, Acknowledgement of Service, and all remaining documents.

      2.      Comenity accepted service of the Complaint on August 26, 2024. (Doc. 4.)

      3.      Comenity is filing this notice within thirty (30) days of receipt of the Complaint as allowed by 28 U.S.C. § 1446(b).

      4.      Plaintiff asserts claims against Comenity under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* arising from alleged identity theft.

      5.      Pursuant to 28 U.S.C. § 1331, the United States District Courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims are governed by the FCRA, which is a federal law enacted by Congress.

7. In addition to the federal claims, Plaintiff alleges that Defendant Experian Information Solutions, Inc. ("Experian") violated the New York Fair Credit Reporting Act, NY General Business Law § 380-f and § 380-j. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claim because such claim is so related to the federal claims that they form part of the same case or controversy. Specifically, the federal and state law claims in Plaintiff's Complaint all arise out of the same underlying facts.

8. Based on the foregoing, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 because it arises under federal law and a related state law claim that arises out of the same set of facts.

9. Pursuant to 28 U.S.C. § 1441(a), this case is appropriately removable to federal court.

10. Since the Complaint was originally filed in Queens County Supreme Court, venue is proper in the United States District Court for the Eastern District of New York.

11. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Supreme Court of the State of New York, County of Queens, simultaneously with the filing in this Court.

12. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be served upon Plaintiff's counsel.

13. This Notice of Removal is filed subject to and without waiver of any rights Comenity may have with respect to Plaintiff's claims.

14. To date, counsel for Experian has not entered their appearance in this matter, nor has proof of service on Experian been filed on the docket. Despite reasonable diligence, which has included requesting contact information for counsel for Experian from Plaintiff's counsel, and efforts to contact in-house counsel for Experian, Comenity has not been able to reach a representative of Experian to obtain consent to removal. Moreover, to the extent that Experian has not been "properly joined and served," consent to removal is not required. *See Doe v. Sunflower Farmers Mkts., Inc.*, 831 F. Supp. 2d 1276, 1280 (D.N.M. 2011) ("Because Defendants Sunflower and Garcia had no basis to conclude Defendant Garcia was a 'served' defendant at the time of removal, they were not obligated to include him and secure his consent."); *see also Lopez v. BNSF Ry. Co.*, 614 F. Supp. 2d 1084, 1088 (E.D. Cal. 2007).

**WHEREFORE**, Comenity respectfully requests that this matter be removed from the Supreme Court of the State of New York, County of Queens to the United States District Court for the Eastern District of New York.

Respectfully submitted,

*/s/ Colleen Fox*
Colleen Fox
**HUSCH BLACKWELL LLP**
1801 Pennsylvania Avenue, NW
Suite 1000
Washington, D.C. 20006-3606
Colleen.Fox@huschblackwell.com
Tel: 202-378-5795
Fax: 202-378-2319

*Attorney for Defendant Comenity Bank*

Dated: September 13, 2024

## **CERTIFICATE OF SERVICE**

   I hereby certify that I have served a true and correct copy of the foregoing Notice of Removal on the following via electronic mail and first-class mail, postage prepaid, addressed as follows:

Subhan Tariq, Esq.
Tariq Law PC
99 Park Avenue, Suite 1100
New York, NY 10016
subhan@tariqlaw.com
*Attorneys for Plaintiff*

Dated: September 13, 2024                                 By: */s/ Colleen Fox*
                                                                                                Colleen Fox